Filed 6/10/25  P. v. De La Cruz CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337540 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. A886353) |
| FREDERICO DE LA CRUZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Frederico De La Cruz was 20 years old in 1984 when he committed special circumstance murder. In 1987, he was convicted and sentenced to a prison term of life without the possibility of parole (LWOP).

Thirty-five years later, in 2022, defendant filed a motion for an evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) in anticipation of a future Penal Code section 3051[1] youth offender parole hearing. The trial court denied the motion, concluding that defendant was ineligible due to his LWOP sentence.

On appeal from the denial of his motion, defendant argues that section 3051's exclusion of young adult offenders sentenced to LWOP is unconstitutional.

We affirm.

## BACKGROUND

### I. *Conviction and Sentencing*

In 1987, defendant was convicted of first degree murder (§ 187, subd. (a)) with a true finding as to the special circumstance that he had been previously convicted of first degree murder (§ 190.2, subd. (a)(2)). The trial court sentenced defendant to LWOP.

### II. *Motion for a Franklin Proceeding*

In September 2022, defendant filed a motion pursuant to section 1203.01, *Franklin*, *supra*, 63 Cal.4th 261, and *In re Cook* (2019) 7 Cal.5th 439 seeking an evidence preservation proceeding for use at a future section 3051 youth offender parole hearing. He argued that section 3051's exclusion of 18-to-25-year-olds sentenced to LWOP violated the federal and state constitutional

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

rights to equal protection and the state Constitution's proscription on cruel or unusual punishment.

On April 25, 2024, the trial court held a hearing on defendant's motion. The court began by observing, "Given the new decision of *People v. Hardin* [(2024) 15 Cal.5th 834 (*Hardin*)], it appears to me that [defendant] would not qualify for a *Franklin* [proceeding]." Defendant's counsel replied, "Correct, your honor. I agree with the court's ruling, and I'll be filing a notice of appeal on that . . . ." The court then denied defendant's motion on the ground that he was ineligible because of his LWOP sentence.

III. *Appeal*

Defendant timely appealed from the denial of his motion for a *Franklin* proceeding.

## DISCUSSION

Defendant contends that section 3051's denial of a youth offender parole hearing to those who, like himself, were sentenced to LWOP for crimes committed when they were between 18 and 25 years old violates the right to equal protection and constitutes cruel and/or unusual punishment. We review these constitutional challenges to section 3051 independently. (*People v. Jackson* (2021) 61 Cal.App.5th 189, 195; *People v. Sands* (2021) 70 Cal.App.5th 193, 202 (*Sands*).)

I. *Relevant Law*

Section 3051, "California's youth offender parole statute[,] offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*Hardin, supra*, 15 Cal.5th at p. 838.) "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during

3

the 15th, 20th, or 25th year of their incarceration.  [Citation.]
But not all youthful offenders are eligible for parole hearings.
The statute excludes, among others, offenders who are serving
sentences of [LWOP] for a crime committed after the age of 18.
[Citation.]"  (*Id.* at pp. 838–839; see also § 3051, subd. (h) ["This
section shall not apply . . . to cases in which an individual is
sentenced to [LWOP] for a controlling offense that was committed
after the person had attained 18 years of age"].)

Individuals eligible for a youth offender parole hearing are
entitled to a *Franklin* proceeding, which provides "an opportunity
to make a record of youth-related mitigating evidence relevant to
a future parole hearing."  (*People v. Mason* (2024)
105 Cal.App.5th 411, 414 (*Mason*).)  It follows that offenders who
are statutorily *ineligible* for a section 3051 youth offender parole
hearing are not entitled to a *Franklin* proceeding.  (See *Mason*,
*supra*, 105 Cal.App.5th at pp. 413–414; *Sands*, *supra*,
70 Cal.App.5th at p. 197.)

II.  *Analysis*

A.  Equal protection

Both the federal and state Constitutions guarantee equal
protection of the law to all persons.  (U.S. Const., 14th Amend.;
Cal. Const., art. I, § 7.)  Where, as here, "the law challenged
neither draws a suspect classification nor burdens fundamental
rights," equal protection is denied "only if there is no *rational*
relationship between a disparity in treatment and some
legitimate government purpose.  [Citation.]"  (*People v. Chatman*
(2018) 4 Cal.5th 277, 288–289; accord *Hardin*, *supra*, 15 Cal.5th
at pp. 847–848.)

Defendant argues that section 3051 violates equal
protection by treating young adult offenders (aged 18 to 25 years

4

when the crime was committed) sentenced to LWOP differently from young adult offenders serving other sentences, because there is no rational basis for such disparate treatment. The California Supreme Court expressly rejected this argument in *Hardin*, *supra*, 15 Cal.5th at page 839, observing that "special circumstance murder is a uniquely serious offense" and that "the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison." As defendant concedes, we are bound by this precedent (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455) and therefore must reject his equal protection challenge.[2]

B. <u>Cruel and/or unusual punishment</u>

The United States Constitution prohibits "cruel and unusual punishments." (U.S. Const., 8th Amend.) Arguably greater protection is afforded by the California Constitution, which prohibits "[c]ruel *or* unusual punishment." (Cal. Const., art. I, § 17, italics added; see also *People v. Haller* (2009) 174 Cal.App.4th 1080, 1092.) "Under the California Constitution, a sentence may violate the prohibition against cruel or unusual punishment if "'it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'" [Citations.]" (*People v. Guenther* (2024) 104 Cal.App.5th 483, 532.) "There is considerable overlap

---

[2]     Defendant acknowledges "that his equal protection claim is foreclosed by" *Hardin*, *supra*, 15 Cal.5th 834; he nevertheless raises the issue in this appeal "to [e]xhaust [h]is [s]tate [c]ourt [r]emedies for [f]ederal [r]eview" (bolding & underlining omitted).

5

in the state and federal approaches" to cruel and/or unusual punishment; "'[a]lthough articulated slightly differently, both standards prohibit punishment that is "grossly disproportionate" to the crime or the individual culpability of the defendant.' [Citation.]" (*People v. Baker* (2018) 20 Cal.App.5th 711, 733 (*Baker*).)

Defendant contends that section 3051's exclusion of young adult offenders sentenced to LWOP renders his sentence cruel and/or unusual punishment under the federal and state Constitutions.[3] He argues that section 3051 evidences a recognition by the Legislature of "the gross unfairness of imposing the same sentence on youth offenders and adult offenders" and that, as a result of "[t]he statute's arbitrary exclusion of youth offenders with LWOP sentences for crimes committed after the age of 17," his LWOP sentence became cruel and unusual.

---

[3] Defendant also asserts that the trial court failed to address his argument regarding cruel or unusual punishment, and that "[r]emand is required so the trial court can render a decision on" that claim. Not so. Although the court may not have expressly discussed this issue at the hearing, we presume that in denying the motion the court considered all arguments raised in defendant's briefing. (*People v. Giordano* (2007) 42 Cal.4th 644, 666 ["On appeal, we presume that a[n] . . . order of the trial court is correct, "'[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown[]""].) Furthermore, because, as discussed below, defendant's cruel and/or unusual punishment argument lacks merit, there is no ground for reversal. (See *People v. Camacho* (2022) 14 Cal.5th 77, 123 ["we review the trial court's ruling, 'not the court's reasoning and, if the ruling was correct on any ground, we affirm[]'"].)

We are unpersuaded. In *People v. Flores* (2020) 9 Cal.5th 371, 429 (*Flores*), the California Supreme Court held that sentencing individuals who were between 18 and 21 years old at the time of their crimes to death does not violate the Eighth Amendment's proscription of cruel and unusual punishment. *Flores* was decided on federal constitutional grounds (*Flores, supra*, at pp. 429–430), but defendant offers no persuasive reason why its reasoning does not apply equally to claims under the California Constitution. (See *Baker, supra*, 20 Cal.App.5th at p. 733; *People v. Mendez* (2010) 188 Cal.App.4th 47, 64–65.) If a death sentence for young adults is not disproportionate, it cannot be said that the less severe punishment of LWOP is so grossly disproportionate as to render it cruel and/or unusual. (See *In re Williams* (2020) 57 Cal.App.5th 427, 439 ["If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence"].)

**DISPOSITION**

The trial court's April 25, 2024, order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON